Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,

      *Plaintiff,*

v.

AUTOWEB, INC.

      *Defendant.*

Case No. 4:26-cv-00039-YGR

### PLAINTIFF'S MOTION TO REOPEN CASE
### AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiff Chet Michael Wilson ("Plaintiff") respectfully moves the Court for an order reopening this action and granting leave to file the attached First Amended Complaint.

On March 25, 2026, Plaintiff filed a Notice of Settlement. Thereafter, on April 15, 2026, the Court entered an Order Conditionally Closing the Case Upon Notice of Settlement and provided that a stipulation of dismissal was due by July 17, 2026. The parties thereafter resolved the claims then at issue.

However, after the settlement was completed, Defendant continued sending the very telemarketing text messages at issue in this action. Specifically, Plaintiff received additional

telemarketing text messages from Defendant on April 3, 13, and 23, 2026. The proposed First Amended Complaint alleges these additional violations. *See* Exhibit 1.

Federal courts possess inherent authority to reopen administratively closed matters where appropriate to ensure the orderly administration of justice. *See Dees v. Billy*, 394 F.3d 1290, 1293–94 (9th Cir. 2005) (recognizing that administrative closure is a docket-management device and does not constitute a jurisdictional dismissal of claims "The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket, that is, administratively closed cases are not counted as active. That situation is the functional equivalent of a stay, not a dismissal"). Likewise, district courts possess broad discretion to permit amendment under Rule 15, which should be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051–52 (9th Cir. 2003).

Reopening this matter serves judicial economy because the newly alleged TCPA violations involve the same parties, substantially similar conduct, and overlapping factual and legal issues already before the Court. Moreover, no defendant has filed an answer or motion for summary judgment, discovery has not commenced, and reopening the matter will not prejudice Defendant.

Plaintiff respectfully submits that requiring a separate action involving the same parties and same alleged telemarketing practices would unnecessarily burden both the parties and the Court. Allowing amendment in this action is the most efficient means of resolving the dispute. Plaintiff therefore respectfully requests that the Court:

1. Reopen this action and restore it to the active docket;

2. Grant Plaintiff leave to file the attached First Amended Complaint; and

3. Deem the First Amended Complaint filed as of the date of the Court's Order.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

DATED this 15th day of May, 2026.


By: */s/ Anthony Paronich*
    Anthony I. Paronich, *Pro Hac Vice*
    anthony@paronichlaw.com
    PARONICH LAW, P.C.
    350 Lincoln Street, Suite 2400
    Hingham, Massachusetts 02043
    Telephone: (617) 738-7080
    Facsimile: (617) 830-0327

*Attorney for Plaintiff and the putative Class*

MOTION TO REOPEN CASE
-3-